**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALI L. CROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-651-JPG** |
| | ) | |
| **CHRISTOPHER ZIOLKOWSI,** | ) | |
| **MICHAEL C. CARR,** | ) | |
| **and UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff is a pretrial detainee, currently in custody at the Chester Mental Health Center ("Chester") after having been found unfit to stand trial on pending charges in Jackson County.[1] He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A .

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

---

[1] Plaintiff submitted as an exhibit his treatment plan from Chester, which noted he was found unfit to stand trial on a felony charge of aggravated battery in Jackson County Case No. 15-CF-449 (Doc. 12, pp. 20-25).

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Initially, the Court must examine Plaintiff's pleadings to determine which document should be evaluated as the operative complaint. The original complaint was filed on June 15, 2016 (Doc. 1). In it, Plaintiff named three Defendants: Christopher Ziolkowski, who is a private individual with whom Plaintiff had an altercation on October 4, 2015, that led to Plaintiff's arrest; Michael Carr, the Jackson County State's Attorney who brought criminal charges against Plaintiff; and the Unknown Carbondale Police Officer who arrested Plaintiff. He raised claims

based on his arrest and detention in the Jackson County Jail, including false imprisonment, illegal detention, deliberate indifference, due process violations, and cruel and unusual punishment, and sought compensatory and punitive damages.

On August 31, 2016, Plaintiff submitted a "Motion to Amend - Complaint Part 2, Part 3, Part 4" (Doc. 13).  The caption of that document names the following Defendants:  Carbondale Police – M. Austin; Jackson County Jail Staff; CPL Swift, and CPL Mickulas.  The body of this motion reveals that Defendant Austin was the officer who arrested Plaintiff; he had been included in the original complaint only as the "Unknown Party."  However, Swift, Mickulas, and the Jackson County Jail Staff were not named as parties in the original complaint.

Plaintiff begins with a rambling statement about "Schemes of deviousness" and a "Realm of oppression" in the jail (Doc. 13, pp. 1-2).  In "Part (2.)" of the document, Plaintiff describes an "attempt on [his] life" on April 4, 2016, led by Defendant Swift, who (along with eight other deputies) shocked Plaintiff with a taser on his chest and back for eight minutes (Doc. 13, pp. 3-4).  Defendant Swift and the others proceeded to beat, kick, and punch Plaintiff, breaking his jaw and nose (Doc. 13, pp. 4-5).

Following the tasing and beating, Defendant Swift and other Jackson County Jail Staff Defendants placed Plaintiff on suicide watch from April 4 to 11, 2016, and failed to provide him with any medical treatment for his broken jaw and nose (Doc. 13, pp. 6-7).  He claims they took these actions in order to take Plaintiff's legal materials away from him so they could cover up prior incidents of excessive force.

Defendant Mickulas ruled Plaintiff's grievance as "Not Valid" (Doc. 13, p. 8).  He notes that on March 17, 2016, before going to a court hearing, he was handcuffed, beaten, and electro-shocked by ten Jackson County deputies (Doc. 13, p. 9).  He was then beaten in front of the

judge, and beaten again when he was returned to his jail cell.

On a page titled "Part (3.) Motion to Amend," Plaintiff turns to the chronology of events "concerning Arresting Officer of Carbondale Police Dept. – Name M. Austin" (Doc. 13, p. 13). While this officer was identified only as an "Unknown Party" in the original complaint, Plaintiff now states that Defendant Austin was the arresting officer (Doc. 13, p. 15). Defendant Austin showed "favoritism" by charging Plaintiff with two criminal offenses (battery and disorderly conduct), even though Christopher Ziolkowski tried to stab Plaintiff with a knife (Doc. 13, pp. 13-14). Defendant Austin arrested Plaintiff "without legal justification" (Doc. 13, p. 16).

Plaintiff then jumps to July 10, 2016, when he complained to Chester medical staff of pain in his nose due to the incident at the Jackson County Jail (Doc. 13, p. 21). Chester staff refused to take an x-ray of Plaintiff's nose.

"Part 4" of the document seeks to amend Plaintiff's request for monetary damages (Doc. 13, p. 27). He requests compensatory and punitive damages, and his signature is on the document (Doc. 13, p. 28).

The "motion to amend complaint" filed at Doc. 13 may represent an attempt by Plaintiff to add to his original complaint in a piecemeal fashion, such that the two documents together would make up Plaintiff's complaint. This is not permitted. Consistent with Federal Rule of Civil Procedure 8(a), all claims against all defendants must be set forth in a single document. Furthermore, when a plaintiff submits an amended complaint, the new document supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). For these reasons, Plaintiff cannot proceed in this action on *both* the original complaint (Doc. 1) and the amendment (Doc. 13).

However, the "motion to amend" at Doc. 13 is sufficient to stand on its own as an amended complaint, despite being labeled as a "motion."  It lists several defendants in the caption, includes factual allegations against those defendants in the body of the document, contains a prayer for relief, and bears Plaintiff's signature.  Moreover, unlike the original complaint, it articulates a civil rights claim that survives review under § 1915A.

Accordingly, the "Motion to Amend Complaint" (Doc. 13) is **GRANTED**.  The Clerk shall be directed to designate this motion (Doc. 13) as the First Amended Complaint.  This action shall go forward based on the First Amended Complaint (Doc. 13).  The original complaint (Doc. 1) has been superseded, and shall not be considered further.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the First Amended Complaint (Doc. 13), the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Fourteenth Amendment excessive force claim against Defendant Swift, for shocking Plaintiff with a taser and beating him on April 4, 2016;
>
> **Count 2:**  Fourteenth Amendment deliberate indifference claim against Defendant Swift and the Unknown Jackson County Jail Staff for failing to provide Plaintiff with medical treatment for the broken nose and jaw he sustained after the April 4, 2016, beating;
>
> **Count 3:**  Claim against Defendant Mickulas for rejecting Plaintiff's grievance;
>
> **Count 4:**  Claims against Defendant Austin arising from his arrest of Plaintiff and charging Plaintiff with criminal offenses.

Counts 1 and 2 shall proceed for further consideration in this action.  However, Count 3

fails to state a claim upon which relief may be granted, and shall be dismissed.  Finally, Count 4 shall be stayed at this time.

## Count 1 – Excessive Force

As noted above, Plaintiff is a pretrial detainee.  Claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment.  *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Bd. v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)); *see also Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010).

In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline", but instead is applied "maliciously and sadistically" to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff claims that Defendant Swift used a taser on him for eight minutes, and then broke his nose and jaw by beating, kicking, and punching him.  These allegations indicate that excessive force may have been used against Plaintiff in violation of his Fourteenth

Amendment rights.   Accordingly, **Count 1** against Defendant Swift shall proceed for further consideration.

**Count 2 – Deliberate Indifference to Serious Medical Needs**

Although pretrial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less.  *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).  To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).  However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

The Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).  Thus, Defendant Swift, who allegedly perpetrated the assault, and then prevented Plaintiff from getting immediate medical attention for his injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care.  **Count 2** shall proceed against Defendant Swift as well.

As for the Unknown Jackson County Jail Staff, Plaintiff claims that they held him on suicide watch between April 4 and April 11, 2016, without providing any medical treatment for his broken jaw and nose.  This allegation suggests that these Unknown Defendants were aware of

Plaintiff's serious injuries, yet failed to get him any medical care.  At this stage, Plaintiff has sufficiently stated a deliberate indifference claim against these Unknown Defendants that survives § 1915A review.  However, in order to proceed with his claim against the Unknown Jackson County Jail Staff, he must identify one or more of them by name.

**Dismissal of Count 3 – Grievance**

Plaintiff does not claim that Defendant Mickulas was personally involved in using a taser against him, beating him, or harming him in any other way.  Instead, Plaintiff states that Defendant Mickulas ruled that his grievance over one or more of these incidents was not valid. The rejection or mishandling of a prisoner's grievance, however, does not violate any constitutional right.

The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Thus, the rejection of Plaintiff's grievance(s), failure to investigate them, or any other action or inaction with regard to the grievance procedure on the part of Defendant Mickulas will not support an independent constitutional claim.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli*, 81 F.3d at 1430.  The Constitution requires no procedure at all, and the failure of prison or jail officials to follow their own grievance procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Accordingly, **Count 3** shall be dismissed from the action with prejudice, for failure to

state a claim upon which relief may be granted.  Defendant Mickulas shall be dismissed without prejudice.

**Count 4 – Arrest and Criminal Charges**

Finally, Plaintiff seeks to recover damages against Defendant Austin, the arresting officer, because of alleged "favoritism" and the absence of "legal justification" for his arrest. The "favoritism" apparently refers to the fact that Plaintiff was charged with two criminal offenses (battery and disorderly conduct), but Christopher Ziolkowski, who had a knife in his possession and allegedly tried to stab Plaintiff, was not charged with any offense.  Further, Defendant Austin did not give Plaintiff a chance to explain what happened before placing him under arrest.

Plaintiff cannot sustain a civil rights claim for damages based on the fact that he was charged with criminal violations and the other individual (Ziolkowski) was not.  Defendant Austin's failure to allow Plaintiff to explain what happened at the time of the arrest, or to ask Plaintiff any questions before arresting him, also does not violate the Constitution.

Plaintiff also complains that Defendant Austin never read him his rights or notified him of the charges against him (Doc. 13, p. 17).  These allegations, and the claim that Plaintiff was arrested "without legal justification," are matters that might be raised in the course of Plaintiff's criminal trial, assuming he is eventually found fit to be placed on trial on his pending charge(s). However, they are not actionable in a civil rights case while the state criminal proceeding is still open.

Under the abstention doctrine following *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must not take jurisdiction over a federal constitutional claim that might interfere with ongoing state court proceedings.  See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir.

2010).  In *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), the Seventh Circuit explained that a plaintiff's claims for damages arising from an allegedly illegal search, seizure, and/or detention could not be raised in federal court while the criminal case in which those claims arose was still ongoing.  Each of those constitutional issues could be litigated during the course of the criminal prosecution.   If the federal court were to take jurisdiction over the claimed constitutional violations, the federal litigation could undermine the ongoing state court proceeding.  *Gakuba*, 711 F.3d at 753 (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)).  A federal district court faced with such a situation should stay the plaintiff's civil rights claims for money damages, rather than dismiss them.  This is because the claims might otherwise become time-barred by the time the state criminal case was concluded.

Accordingly, Plaintiff's claims against Defendant Austin in **Count 4**, for failing to inform him of his *Miranda* rights, and for arresting him without probable cause, shall be stayed.  *See Gakuba*, 711 F.3d at 753.

**Dismissal of Defendants Ziolkowski and Carr**

Because Plaintiff did not include any allegations against Defendants Ziolkowski or Carr in Doc. 13, which is now the operative complaint, he has failed to state a claim against these Defendants upon which relief may be granted.  For this reason, Defendants Ziolkowski and Carr shall be dismissed from the action without prejudice.

Notably, any claim Plaintiff may wish to assert against Defendant Carr arising out of the prosecution of Plaintiff's criminal charges is likely to be barred by prosecutorial immunity in any event.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("In initiating a prosecution and in

presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

A civil rights claim against a private individual such as Defendant Ziolkowski also cannot stand, because he is not a "state actor."  A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for copy of entire file on record (Doc. 11) is **DENIED.**  Copies of court documents are available at the cost of $0.50/page, payable in advance.  *See* 28 U.S.C. § 1914(b). In order to assist Plaintiff in determining which documents he may wish to request, as a one-time courtesy, the Clerk is **DIRECTED** to send Plaintiff a copy of the docket sheet for this case.

Because the motion to amend (Doc. 13) has been **GRANTED**, the Clerk shall designate Doc. 13 as the "First Amended Complaint."

## Disposition

The Clerk is **DIRECTED** to add the following Defendants named in the First Amended Complaint:  **M. AUSTIN, UNKNOWN JACKSON COUNTY JAIL STAFF (Who monitored Plaintiff on suicide watch between April 4 and April 11, 2016), CPL. SWIFT,** and **CPL. MICKULAS.**  The Clerk shall **TERMINATE** the following Defendants who were not included in the First Amended Complaint:  **CHRISTOPHER ZIOLKOWSKI, MICHAEL C. CARR,** and **UNKNOWN PARTY (Arresting Officer).**

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief

may be granted.  Defendant **MICKULAS** is **DISMISSED** from this action without prejudice.

**COUNT 4** is **STAYED** until the entry of final judgment in Plaintiff's criminal prosecution in *People v. Cross*, Jackson County Case No. 15-CF-449, or until such other time as the Court may determine.

As to **COUNTS 1 and 2**, the Clerk of Court shall prepare for Defendants **SWIFT** and **AUSTIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Jackson County Jail Staff until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 15, 2016**

*s/J. Phil Gilbert*
United States District Judge