IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI L. CROSS,                                         )
                                                      )
            Plaintiff,                     )
                                                      )
vs.                                                   )       Case No. 16-cv-00651-JPG-RJD
                                                      )
CHRISTOPHER ZIOLKOWSKI, *et al*,                      )
                                                      )
            Defendants.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's second motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 24).  Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, along with his first IFP motion while he was confined at the Chester Mental Health Center. The Court received notice from the Plaintiff on November 30, 2016, that he had been discharged. (Doc. 20).  Plaintiff provided the Court with his updated, post-release address.

Plaintiff was a prisoner when he filed this action.  Therefore, he is obligated to pay the entire filing fee under 28 U.S.C. § 1915(b)(1), which provides:  "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  *See Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997).  Section 1915(b)(1) further establishes that a prisoner must *pre*pay the filing fee in accordance with a statutory schedule based upon transactions in his prison trust fund account.  Plaintiff's current released status does not change the fact that he was a prisoner when he filed this action.  *See Robbins*, 104 F.3d at 898.  He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule."  *Id*.

1

Based upon the information contained in his prison trust fund account statement, Plaintiff was not ordered to pay an initial partial filing fee, but was directed to pay monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 filing fee was paid in full.  Given that the plaintiff is currently homeless and has no source of income, the Court is **DENYING** his 2^nd Motion (Doc. 24) for IFP, but **SUSPENDING** any payment under the initial IFP for a period of six months up to **August 30, 2017.**    On or before **August 30, 2017**, the Plaintiff is **DIRECTED** to update this court on the status of his income and his ability to pay the fees in this matter.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:**  1/30/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**