# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI L. CROSS,

    Plaintiff,

v.

CHRISTOPHER ZIOLKOWSKI, et al.,

    Defendants.

Case No. 3:16-cv-00651-JPG-RJD

## MEMORANDUM & ORDER

### J. PHIL GILBERT, DISTRICT JUDGE

Before the Court is Plaintiff's Motion to Reopen the Case and Motion to Appoint Counsel. (Docs. 56, 58.) Plaintiff was formerly in custody at Chester Mental Health Center. On June 15, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. (Doc. 1.) On November 15, 2016, the Court screened Plaintiff's First Amended Complaint and allowed Plaintiff to proceed on Fourteenth Amendment claims of excessive force and deliberate indifference to his serious medical needs. (Doc. 15.) The screening order also included the following:

> Plaintiff is ADVISED that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.

(*Id.* at 13.) On February 15, 2017, the Court received as undeliverable several filings that had previously been mailed to Plaintiff. (Docs. 42, 43.) On March 15, 2017, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to maintain a current address and warned Plaintiff that failure to respond to the show cause order could result

in dismissal.  (Doc. 45.)  On April 18, 2017, the Court dismissed the case without prejudice for failure to prosecute and entered judgment in favor of Defendants.  (Docs. 51, 52.)

On October 2, 2017, Plaintiff filed the instant motion, requesting that the Court reopen this case.  (Doc. 56.)  Because Plaintiff filed the motion more than 28 days after the entry of judgment, the Court construes the motion under Federal Rule of Civil Procedure 60(b).  *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).  Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion.  FED. R. CIV. P. 60(b)(1).

Here, the only arguable ground to vacate the order of dismissal is excusable neglect.  In an affidavit, Plaintiff details his mental health issues, hospitalization, and incarceration. but does not indicate that these conditions prevented him from notifying the Court of his address issue.  Although those conditions may have reasonably accounted for some delay, the Court declines to vacate judgment without a satisfactory explanation for why the notice was delayed by eight months.  Moreover, Plaintiff advised the Court regarding his change of address on five occasions prior to the entry of judgment, demonstrating his awareness of his duty to maintain a current address with the Court.  (*See* Docs. 14, 20, 21, 25, 34.)  In sum, Plaintiff has failed to show excusable neglect or any other grounds to reopen his case.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Reopen the Case (Doc. 56).  Accordingly, because the case is now closed and because of the absence of any remaining significant or unresolved issues, the Court also **DENIES** Plaintiff's Motion for Recruitment of Counsel (Doc. 58).

**IT IS SO ORDERED.**
**DATED: November 7, 2017**

                      *s/ J. Phil Gilbert*
                      **J. PHIL GILBERT**
                      **DISTRICT JUDGE**